PETERSON, Judge.
Orlando Regional Center Associates, Inc. (lessee) appeals a declaratory judgment regarding a written lease that set forth provisions for rent due by it to Ivey Properties, Inc. (lessor).
The provisions construed by the trial court were set forth in a November 1, 1978 modification of the lease[1]:
Article 2(b) Percentage Rental.
(i) For calendar year 1979 and for each calendar year thereafter during the Term hereof, Lessee shall pay Lessor, as Percentage Rental, in addition to the Guaranteed Annual Rental, a sum equal to twenty-eight percent (28%) of the excess of Gross Annual Revenues for each such calendar year over Base Year Gross Annual Revenues, as such terms are defined in Article 2(c) of the Lease, as modified by this Modification of Lease, less: (1) the Capital Expenditure credit computed pursuant to Article 2(e) of the Lease as modified by this Modification of Lease, and (2) the amount of any increase in the Guaranteed Annual Rental paid by Lessee for such calendar year in excess of the Guaranteed Annual Rental payable by Lessee for calendar year 1979.
⅝ # ⅝ sfc :)< ⅝:
Article 2(e) Capital Expenditures.
Lessee shall be allowed an annual credit against Percentage Rental payable for calendar year 1980 and for each calendar year thereafter equal to two and eight-tenths percent (2.8%) of the total Capital Expenditures (as defined below) made during calendar year 1979 and during each corresponding calendar year thereafter, which annual credit shall continue as a credit, and be added to subsequently earned credits, for a total period of twenty-five (25) years; provided, however, each annual credit in the first year allowed shall be based upon the average *1095 annual (as opposed to the total) Capital Expenditures for each such year....
* * * * * *
Notwithstanding the foregoing, the cumulative credit available for use by Lessee in any one calendar year shall be limited to, and shall not exceed, 20/28th (71.428%) of the Percentage Rental payable for such year, but any unused credit shall be available for use in subsequent years (carried forward) subject to the same limitation for each year.
The parties stipulated to the following amounts to be used in analyzing the rents payable for the calendar years 1989 and 1990:
Account 1989 1990
Gross Annual Revenues $2,838,916 $2,916,784
Base Year Gross Annual Revenue $1,304,203 $1,304,203
Guaranteed Annual Rent $ 529,575 $ 529,575
Guaranteed Annual Rent Increase $ 356,112 $ 356,112
The parties also stipulated that the increase in Guaranteed Annual Rent since 1979 for both 1989 and 1990 was $356,112. They also agreed that the capital expenditures credits for 1989 and 1990 were $64,-225 for each year without regard to “(1) any limit on that credit for either year, or (2) capital expenditure credits (totaling $6,426.79 for those years) claimed by [lessee] and disputed by [lessor]”.
On September 18, 1992 the trial was held but no testimony was submitted by the parties. Instead, the trial court heard arguments of counsel, considered trial memo-randa, stipulations and lease provisions and determined that the lessor’s formula for calculating rent was correct.
On appeal, the lessee does not complain of a lack of opportunity to present testimony on September 18, 1992; rather lessee alleges that “[t]he definitions given in the Modification are straightforward and, if applied literally, lead only to the result offered by [lessee].” Neither the result proposed by lessee nor the result proposed by lessor and accepted by the trial court represents an end product of a logical straightforward application of the lease provisions in question. While both formulae are consistent to a point, both fail with respect to the computation involved in the percentage rental limitation. In attempting to provide for this “cap” both parties contrived a distinction between “Percentage Rental” and “Percentage Rental Payable,” a distinction which, even when reading the lease in a light most favorable to lessor, does not appear to exist in the pertinent lease provisions. Further, even if the lease could reasonably be interpreted as making a distinction between “Percentage Rental” and “Percentage Rental Payable,” lessor’s formula still fails by applying the Article 2(e) cap to “Percentage Rental” rather than to “Percentage Rental payable.” Because the trial court’s construction of the parties’ agreement is clearly in error, we reverse and remand for further proceedings. Barry Cook Ford, Inc. v. Ford Motor Co., 616 So.2d 512 (Fla. 1st DCA 1993). In reversing we note the trial court’s recognition of the computation of the “cap” provision as being the key issue, invite the trial court on remand to accept expert witness or other evidence on this issue, and offer the trial court for its review our own computations of the “cap” provision attached as an appendix to this opinion.
JUDGMENT VACATED.
DAUKSCH and COBB, JJ., concur.
*1096 EXHIBIT A
LEASE PROVISIONS IN QUESTION & CONVERSION TO MATHEMATICAL FORMULA
I. Article 2(b)(i) as amended November 1, 1978:
“Percentage Rental ... a sum equal to 28% of the excess of Gross Annual Revenues . . . over Base Year Gross Annual Revenues . . .
Less:
(1) the Capital Expenditure Credit computed pursuant to Article 2(e).
(2) increase in the Guaranteed Annual Rental ... in excess of the Guaranteed Annual Rental payable by lessee for calendar year 1979.
Article 2(e):
(“Cap” provision on the credit) “Notwithstanding the foregoing, the cumulative credit available for use by lessee in any one calendar year shall be limited to and shall not exceed 20/28ths (71.428%) of the Percentage Rental payable for such year, but any unused credit shall be available for use in subsequent years (carried forward) subject to the same limitation for each year.”
II. Conversion to mathematical formula:
PR = Percentage Rental
GR = Gross Annual Revenues
BYG= Base Year Gross Annual Revenues
IG = Increase in Guaranteed Annual Rental over Base Year
CEC= Capital Expenditure Credit
ACE= Allowable Capital Expenditure Credit (the “cap”) CCC = Cumulative Carry-foward Capital Expenditure Credit Available for Use in
Subsequent Years
STEP 1: PR = 28%(GR - BYG) - (IG + CEC)
Is CEC > 71.428% PR?
If No, PR calculation complete; CCC, if any, wiped out.
If Yes, Replace CEC w/cap of .71428 PR and continue to Step 2 to compute PR, ACE, and CCC
STEP 2: PR = 28%(GR - BYG) - (IG + .71428 PR)
1.71428 PR = 28%(GR - BYG) - IG
PR = 28%(GR - BYG) - IG 1.71428
ACE = .71428 PR
CCC = CEC - ACE
EXHIBIT B
APPLICATION OF “EXHIBIT A” FORMULA TO AMOUNTS AGREED TO BY PARTIES FOR 1989
PR = ?
GR = 2,838,916
BYG= 1,304,203
IG = 356,112
CEC = 64,225
CCC= ?
ACE= ?
STEP 1. PR = 28%(GR - BYG) - (IG + CEC)
PR = 28%(2,838,916 - 1,304,203) - (355,112 + 64,225)
PR = 28%(1,534,713) - (420,337)
*1097 PR = (429,720) - (420,337)
PR = 9383
Q. Is CEC > than 71.428% PR?
If no, PR calculation complete; CCC, if any, wiped out.
If yes, then replace CEC with cap of .71428 PR and continue to Step 2 to compute PR, ACE, and CCC.
71.428% PR = 6702
CEC = 64,225
Yes, CEC is > than 71.428% PR; Go to Step 2.
STEP 2. PR = 28%(GR - BYG) - (IG + .71428 PR)
1.71428PR = 28%(GR - BYG) - IG
PR = 28%(GR - BYG) - IG
1.71428
PR = 28%(1,534,713) - (356,112)
1.71428
PR = (429.720) - (356,112)
1.71428
PR = 73.608
1.71428
* PR = $42,938
ACE = .71428 PR
* ACE = $30,670 (i.e., capital credit is capped at 71.428% of Percentage Rental)
CCC= CEC-ACE
CCC = 64,225 - 30,670
* CCC = $33,555
EXHIBIT C
APPLICATION OF “EXHIBIT A” FORMULA TO AMOUNTS AGREED TO BY PARTIES FOR 1990
PR = ?
GR = 2,916,784
BYG= 1,304,203
IG = 356,112
CEC = 97,780 (64,225 plus prior year’s CCC of 33,555)
CCC= ?
ACE= ?
STEP 1. PR = 28%(GR - BYG) - (IG + CEC)
PR = 28%(2,916,784 - 1,304,203) - (356,112 + 97,780)
PR = 28%(1,612,581) - (453,892)
PR = (451,523) - (453,892)
PR = -2,369
Q. Is CEC > than 71.428% PR?
If no, PR calculation complete; CCC, if any, wiped out.
If yes, replace CEC with cap of .71428 PR and continue to Step 2 to compute PR, ACE and CCC.
71.428% PR = -1692
CEC = 64,225
*1098 Yes, CEC is > 71.428% PR; Go to Step 2.
STEP 2. PR = 28%(GR - BYG) - (IG + .71428 PR)
1.71428PR = 28%(GR - BYG) - IG
PR = 28%(GR - BYG) - IG 1.71428
PR = 28%(2,916,784 - 1,304,203) - 356,112 1.71428
PR = 28%(1,612,581) - 356,112 1.71428
PR = 451.523 - 356,112 1.71428
PR = 95,411 1.71428
* PR = $55,657
ACE = .71428 PR
* ACE = $39,755 (i.e., capital credit is capped at 71.428% of Percentage Rental)
CCC= CEC-ACE
CCC= 97,780 - 39,755
* CCC = $58.025

. The lease does not provide an example of a computation, a common method of aiding the interpretation of narrative instructions in making mathematical calculations. An example could have avoided this litigation. Indeed, without examples set forth in Treasury Regulations, the United States Internal Revenue Code in many instances could not be interpreted.